**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Gill, et al., | No. CV-20-08321-PCT-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Aramark Sports and Entertainment Services LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendant Aramark Sports and Entertainment Services, LLC's ("Aramark") Motion to Transfer Venue. (Doc. 11). The Plaintiffs, Michael and Candie Gill, by and through counsel Joseph W. Watkins, have filed a response. (Doc. 12). Aramark filed a reply to the Plaintiffs' response. (Doc. 13). Pursuant to LRCiv. 7.2 the Court elects to rule on this motion without oral argument. The Court has considered the submitted pleadings and relevant case law. For the reasons stated below, the Court denies Aramark's motion.

**I. BACKGROUND**

This is a civil action arising under federal admiralty jurisdiction. (Doc. 8, ¶ 7). Defendant Aramark is a Delaware Limited Liability Company with its place of business in Page, Arizona. (Doc. 11). Aramark's tour boat management operations and crew are also located in Page, Arizona. (Doc. 13). Defendants' tour vessels travel Lake Powell, a body of water spanning across Arizona and Utah territory. (Doc. 11). Aramark's contract for individuals renting their boats contains a forum selection clause that requires any claims

1  against it be brought in the United States District Court for the District of Arizona. (Doc.
2  12). Plaintiffs seek recovery for personal injuries and property damage that they allege
3  resulted from a wake caused by an Aramark tour boat on July 11th, 2019. (Doc. 8).
4  Plaintiffs were using their own personal motorboat at the time of the incident. (Doc. 12).
5  The incident occurred on Lake Powell near buoy 45. (Doc. 11). The Plaintiffs' boat was
6  towed to a marina near buoy 42. (*Id.*) Plaintiffs' boat was repaired in Colorado, where the
7  Plaintiffs reside. (Doc. 12 at 3). Defendants allege the accident occurred in the territory of
8  Utah and Plaintiffs' attorney concedes that "the spot on the lake where the actual accident
9  occurred" is tied to Utah. (Docs. 11, 12 at 2).

Defendants' counsel met with Plaintiffs' counsel to discuss voluntary transfer of this matter. (Doc. 11). Plaintiffs declined. (*Id.*) Aramark now moves under 28 U.S.C. § 1404(a) to transfer venue of this action to the United States District Court for the District of Utah. (*Id.*)

**II. Legal Standard**

Admiralty claims are governed by 28 U.S.C. § 1390. Fed. R. Civ. P. 82. While the general venue statute specifically excludes claims that qualify as admiralty claims under 28 U.S.C. § 1333, the statutes that allow for transfer between district courts may apply. 28 U.S.C. § 1390(b).

28 U.S.C. § 1404(a) provides that the Court may transfer a civil action "for the convenience of parties and witnesses" and "in the interest of justice" to a different district court "where it might have been brought." The burden is on the movant to establish "that venue is proper in the transferor district; that the transferee district is one where the action might have originally been brought; and that transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155-56 (N.D. Cal. 2009) (quoting *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992)). In determining whether to transfer a case, there is a "strong 'presumption in favor of plaintiff's choice of forums'" that the Court will not lightly disturb. *Gherebi v. Bush*, 352 F.3d 1278,

1303 (9th Cir. 2003), *vacated on other grounds*, 542 U.S. 952 (2004) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "Transfer under § 1404(a) 'should not be freely granted,'" and is not appropriate where the moving party merely seeks to "shift the inconvenience to the party resisting the transfer." *Id*. (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964); *In re Nine Mile, Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982)). The purpose of transfer is to seek "a more convenient forum, 'not to a forum likely to prove equally convenient or inconvenient[.]'" *Id*. (quoting *Van Dusen*, 376 U.S at 646).

When determining whether a transfer is proper under 28 U.S.C. § 1404(a), the Court employs a two-step analysis. First, the Court determines "whether the case could have been brought" in the forum to which transfer is sought. *Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013). A case "could have been brought" in the transferee forum when the forum has subject matter jurisdiction, is otherwise a proper venue, and is located where the defendant is amenable to service of process. *Kachal, Inc. v. Menzie*, 738 F.Supp. 371, 372-73 (D. Nev. 1990). Venue is proper for an admiralty action where the defendant can be served. *In re Louisville Underwriters*, 134 U.S. 488, 490 (1890). Second, the Court determines whether the proposed transferee district is a more suitable choice of venue based upon the convenience of the parties, witnesses, and the interests of justice. *Park*, 964 F.Supp.2d at 1093. The Ninth Circuit has enumerated several factors for the Court to consider when determining if convenience and the interests of justice merit transfer. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). These factors include:

> . . . (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, . . . and (8) the ease of access to sources of proof.

*Id*. at 498-99. The Ninth Circuit has also stated that the presence of a forum selection clause,[1] and the "the relevant public policy of the forum state, if any" are significant factors

---

[1] No forum selection clause was triggered in this case.

in the analysis. *Id*. at 499.

### III. Discussion

The parties do not contest that this action "could have been brought" in the United States District Court for the District of Utah. Therefore, the Court's analysis need only consider whether transfer to the District of Utah is necessary for convenience and fairness. *See Jones*, 211 F.3d at 499.

#### A. The Plaintiffs' Choice of Forum

Courts generally recognize a strong presumption in favor of the Plaintiff's choice of forum. *Gherebi*, 352 F.3d at 1303; *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). Some courts have held that additional weight is given to the plaintiff's choice when the plaintiff has selected its home forum. *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F.Supp. 759, 764 (D. Del. 1991) ("Where a plaintiff chooses to litigate away from its [home forum], the quantum of inconvenience to defendant needed to tip the balance strongly in favor of transfer necessarily will be less than in the case where plaintiff's choice of forum is highly convenient to plaintiff")). However, the plaintiff's choice of forum will not always be controlling on the question of venue. The plaintiff's choice must be weighed against the "burden of litigating in an inconvenient forum." *Decker*, 805 F.2d at 843. Additionally, the plaintiff's choice of forum is given less weight when the underlying case has little to no connection with the forum selected. *See generally Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1157-58 (S.D. Cal. 2005).

The Plaintiffs are not entitled to additional weight, because as Colorado residents, Arizona is not their home forum. However, the Court acknowledges that a strong presumption exists in favor of the Plaintiffs' original selection and now continues to the other factors.

#### B. The Respective Parties' Contacts with the Forum

Another *Jones* factor considers each party's contacts with the forum. 211 F.3d at

499. Multiple courts of this circuit have interpreted this factor as a comparative analysis examining the general and case specific contacts that both parties have with either forum. *See, e.g., Porter v. Chetal*, No. 3:13-cv-00661-LRH-VPC, 2014 U.S. Dist. LEXIS 86393, at *10-11 (D. Nev. June 25, 2014) ("Because both parties have meaningful contacts with the chosen forum of Nevada, the Court finds this factor does not support transfer."); *Davis v. Soc. Serv. Coordinators*, No. 1:10-cv-02372-LJO-SKO, 2013 U.S. Dist. LEXIS 118414 (E.D. Cal. Aug. 16, 2013); *Ahead, LLC v. KASC, Inc.*, No. C13- 0187JLR, 2013 U.S. Dist. LEXIS 58303 (W.D. Wash. Apr. 23, 2013) (holding transfer appropriate where KASC had "only moderate contacts with Washington" few of which related to the claim, but "[b]y contrast, both parties have strong contacts in Massachusetts."). Case-related contacts are generally given greater weight. *Silver Valley Partners, Ltd. Liab. Co. v. De Motte*, No. C05-5590 RBL, 2006 U.S. Dist. LEXIS 67745, at *9-10 (W.D. Wash. Sep. 21, 2006) (Given that both parties have case-related contacts with the District of Idaho, and only plaintiffs have case-related contacts with the Western District of Washington, the factor of the respective parties' contacts with the forum weighs in favor of transfer to the District of Idaho."). This factor examines contacts of the *actual parties* to the action, not contacts of other persons. *Patent Mgmt. Found., LLC v. Analog Devices, Inc.*, No. C 10-03630 SBA, 2011 U.S. Dist. LEXIS 7389, at *15-16 (N.D. Cal. Jan. 19, 2011) (holding the contracts of other persons associated with the litigation were of little import because "neither Mr. Thomas nor TI Law Group is a party to this action. PMF is the only party named as a plaintiff.").

The Court finds this factor in favor of retaining the action in Arizona. Defendant Aramark has ties to both Arizona and Utah through its tour boat operations on Lake Powell. However, Defendant Aramark has greater connections with Arizona because most of Defendant's employees reside in or near Page, Arizona and its touring operations are based out of that city. Moreover, Defendant's principal place of business is located in Arizona, which indicates that Arizona may be considered its "home forum." *Global Thermoforming Inc. v. Auto-Owners Ins. Co.*, 2021 U.S. Dist. LEXIS 2662, at 10 (D. Ariz., Jan. 7, 2021)

("A corporation's principle place of business is considered its home forum.")

The Plaintiffs have no ties to Utah. However, the Plaintiffs do have ties to Arizona, as they have retained counsel based in Tucson. (Doc. 12). Therefore, this factor favors keeping the case in Arizona.

### C. The Differences in the Cost of Litigation, Convenience of Witnesses, and Ease of Access to Proof

Other factors in determining if transfer is appropriate look to the overall costs of litigation in the selected forum, the relative ease of access to sources of proof, and the convenience of witnesses. 211 F.3d at 498-99. "The convenience of the witnesses is frequently the most important factor when determining which forum would be most appropriate." *Silver Valley Partners*, 2006 U.S. Dist. LEXIS, at *13 (quoting *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002) (citing 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3851 (2d ed. 1987)). "Here, courts look to who the witnesses are, where they are located, what their testimony will be, and why such testimony is relevant." *Florens Container*, 245 F.Supp.2d at 1092-93 (citing *A.J. Industries, Inc. v. United States Dist. Ct.*, 503 F.2d 384, 389 (9th Cir. 1974)).

The Court finds these factors lean toward keeping the case in Arizona. The incident occurred in Utah, however, the boat was repaired in Colorado. Therefore, non-party witnesses who fixed the boat and would testify as to damages will not be in Utah but instead travel to the proceedings from Colorado. In regard to other witnesses, Defendant argues 6-8 witnesses will be inconvenienced if the action remains in Arizona, however, this is not a substantial number of witnesses sufficient to overcome the weight given to the Plaintiffs' forum. (Doc. 13).

Furthermore, travel distance is not relevant to the convenience of all parties, because some, such as Plaintiffs, may be opting to take flights. (Doc. 12). The majority of Aramark's tour boat management and tour boat crew are located in or near Page, Arizona. While Page, Arizona is closer to the location of the Utah District Court, St. George, Utah,

than Phoenix, Arizona, there is no evidence that every party will opt to drive hours to the proceedings rather than taking a flight. Therefore, the cost of litigation in Arizona will not undoubtedly be greater than the cost of litigation in Utah, based on transportation. Even in the event that many witnesses drive from Utah to Phoenix, the disparity in cost is marginal, and not great enough to overcome the weight afforded to Plaintiffs' choice of forum.

However, the litigation costs could increase substantially if Plaintiffs retain local counsel in Utah to take over the case, in addition to keeping their current counsel.

The Court is also not persuaded that transferring the case to Utah would be more beneficial for ease of access to proof. While the scene of any accident site investigation would be in Utah, the boat was repaired outside Utah and witnesses could be able to travel more conveniently by plane to Phoenix, Arizona than St. George, Utah.

### D. The Relevant Public Policy of Arizona

No relevant public policy of Arizona requires the Court to retain the case. Under *Jones*, the relevant public policy of the forum state is a significant factor in determining if transfer is merited. 211 F.3d at 499. For example, a state statute expressly reserving local jurisdiction over a cause of action can evidence a strong public policy "to provide a protective local forum." *Id*.

Plaintiffs argue that the Ninth Circuit has upheld boilerplate language in other maritime contracts that dictate choice of law provisions. (Doc. 12). However, no contractual provision was triggered here, because Plaintiffs were using their personal boat instead of an Aramark rental boat. (Doc. 13). Because Plaintiffs referenced no statutory provisions or other case law relevant to Arizona to further their public policy argument, the Court does not find this factor to be compelling here.

### E. Weighing all Factors

The burden was on the movant to establish that "transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155-56 (N.D. Cal. 2009) (quoting *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal.

1992)).Weighing the above factors, the Court finds the transfer to the United States District Court for the District of Utah is not merited. The Plaintiffs' selection of an Arizona forum is entitled to weight, and the interests of convenience, fairness, and justice in this case did not show that transfer is warranted. Defendant failed to show that the marginal cost of witnesses traveling from Utah to Arizona outweighed these factors in favor of Plaintiffs. The claim underlying this case deals with an accident that occurred in Utah and does not have much relation to the state otherwise. Both parties have more substantial connections to Arizona and non-party witnesses may also travel by plane and render the travel distance irrelevant. Furthermore, the cost of litigation will be lower in Arizona, because Plaintiffs will not need to hire additional counsel.

**IV.   Conclusion**

Accordingly,

**IT IS ORDERED** that the Defendants' Motion to Transfer Venue to the United States District Court for the District of Utah (Doc. 11) is **denied.**

Dated this 16th day of June, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge