**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Gill, et al., | No. CV-20-08321-PCT-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Aramark Sports and Entertainment Services LLC, et al., | |
| Defendants. | |

By this order the Court takes up the issue of Plaintiff's service on the Defendant United States of America. On December 1, 2020, Plaintiff brought this action against the United States and against Aramark Sports and Entertainment Services LLC. (Doc. 1.) On December 2, 2020, the Court issued an order directing the clerk of Court to terminate any Defendants in the matter that were not served by March 1, 2021. (Doc. 7.) Pursuant to that order, the Clerk of Court terminated the United States as a Defendant on March 3, 2021 because Plaintiff had not filed an affidavit of service. (Doc. 14.) Plaintiff immediately filed a Motion for Reconsideration and to Reinstate Defendant USA, (Doc. 15), explaining that an independent process servicer provider hired by the Plaintiff had served the United States on December 7, 2020. (Doc. 15.) Plaintiff informed the Court that it was a simpler error and oversite on their part which resulted in the affidavit of service not being filed. (*Id*.) The Court then reinstated the United States as a Defendant. (Doc. 16.)

However, after reinstatement Plaintiff still never filed any notice of service with the Court. The sole proof of service appears in an affidavit filed as an exhibit to Plaintiff's

Motion to Reconsider. (Doc. 15.) Further, even if the affidavit were filed with the Court, service would still be incomplete. According to the affidavit, the only action taken by the process server was to mail a copy of the summons and complaint to the Attorney General of the United States in Washington D.C. (Doc. 15-1 at 2.) But as the Federal Rules of Civil Procedure clearly state:

> [T]o serve the United States a party must:
> (A)
> 	(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought —or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> 	(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). The rule's use of "and" indicates the requirements of (A), (B), and (C) form a conjunctive rather than a disjunctive list. *See, e.g., United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021) ("not only is the plain meaning of 'and' conjunctive, but the Senate's own legislative drafting manual tells the court that 'and' is used as a conjunctive."); *United States v. Myers*, 878 F.2d 1142, 1144 (9th Cir. 1989). Here, while the Plaintiff's affidavit indicates they have "sent a copy…by registered or certified mail to the Attorney General of the United States at Washington, D.C" as required by Rule(4)(i)(1)(B), the affidavit does not indicate whether Plaintiff has "delivered a copy of the summons and of the complaint to the United States attorney for the district where the action is brought…" as required under Rule(4)(i)(1)(A). Because the Plaintiff must satisfy both Rule(4)(i)(1)(B) and Rule(4)(i)(1)(A) in order to serve the United States, service has not been shown by Plaintiff's affidavit.

    Accordingly,

**IT IS ORDERED** that Defendant United States of America is dismissed from this action.

Dated this 3rd day of September, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge